UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANCISCO DIAZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM FIELDS, tax # 938477, JOHN DOES 1-10,

Defendants.

------------------------------------------------------------------------ x

**ORIGINAL**

**COMPLAINT**

**CV 12 - 5201**

Jury Trial Demanded

GARAUFIS, J.

J. ORENSTEIN, M.J.

### PRELIMINARY STATEMENT

1.    Plaintiff brings this civil rights action against the City of New York and

several New York City Police Officers of the 70th Precinct alleging that, on August 16, 2012, at

approximately 4:00 p.m., on the corner of Beverly Road and Flatbush Avenue in Brooklyn,

defendants violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United

States Constitution and New York state law by falsely arresting him, using unreasonable force on

him and illegally strip searching him.  Plaintiff was released from custody on August 17, 2012, at

approximately 2:00 a.m., when the District Attorney's Office declined prosecution.  Plaintiff

seeks compensatory and punitive damages, attorney's fees and costs and such other and further

relief as the court deems just and proper.

### JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth

Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery,

and vicarious liability which form part of the same case and controversy as his federal claims

under Article III of the United States Constitution.

4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction

in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.    Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.    With respect to plaintiff's state law claims, a notice of claim was duly

filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since

such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7.    Plaintiff is a United States citizen.

8.    The City of New York is a municipal corporation organized under the

laws of the State of New York.

9.    The individual defendants are members of the New York City Police

Department ("NYPD"). The individual defendants were acting under color of state law and in

their capacities as members of the NYPD at all relevant times. The individual defendants are

liable for directly participating in the unlawful acts described herein and for failing to intervene

to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their

individual capacities.

2

## STATEMENT OF FACTS

10.     On August 16, 2012, at approximately 4:00 p.m., on the corner of Beverly Road and Flatbush Avenue in Brooklyn, New York City Police Officers of the 70th Precinct, including William Fields, illegally seized plaintiff.

11.     At all relevant times, plaintiff did not commit a crime or violation nor did he engage in suspicious activity.

12.     Without justification, defendants illegally strip searched plaintiff and beat him by striking him with their hands, feet and knees, slamming him onto the ground, a gate and a window, and handcuffing plaintiff extremely tight causing pain and bruising.

13.     The defendants also held plaintiff for at least 30 minutes in an extremely hot police car, turned off the air conditioner and closed the windows to cause plaintiff to suffer.

14.     The defendants later took plaintiff to Maimonides Hospital via ambulance and, after that, to the 70th Precinct where they falsely charged plaintiff with obstruction of governmental administration.

15.     Defendants arranged for plaintiff to be taken to Brooklyn Central Booking.

16.     Plaintiff was released from custody on August 17, 2012, at approximately 2:00 a.m., when the District Attorney's Office declined prosecution.

17.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation and pain and bruising. Plaintiff also suffered financial loss in the form of medical expenses.

3

## FIRST CLAIM

## (FALSE ARREST)

18.    Plaintiff repeats the foregoing allegations.

19.    At all relevant times, plaintiff did not commit a crime or violation.

20.    Despite plaintiff's innocence, defendants arrested plaintiff.

21.    Accordingly, the defendants are liable to plaintiff under the Fourth

Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

22.    Plaintiff repeats the foregoing allegations.

23.    Defendants' use of force upon plaintiff was objectively unreasonable and

caused plaintiff pain and bruising.

24.    Accordingly, the defendants are liable to plaintiff under the Fourth

Amendment for using unreasonable force on him.

## THIRD CLAIM

## (ILLEGAL STRIP SEARCH)

25.    Plaintiff repeats the foregoing allegations.

26.    Defendants' strip search of plaintiff was illegal because plaintiff had not

committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal

items under his clothes, and plaintiff was not being placed in a general jail population at the time

of the search.

27.    Accordingly, the defendants are liable to plaintiff under the Fourth

Amendment for illegally strip searching him.

4

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

28.    Plaintiff repeats the foregoing allegations.

29.    Defendants had a reasonable opportunity to prevent the violations of

plaintiff's constitutional rights, but they failed to intervene.

30.    Accordingly, the defendants are liable to plaintiff for failing to intervene

to prevent the violation of plaintiff's constitutional rights

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

31.    Plaintiff repeats the foregoing allegations.

32.    The City of New York is a "person" within the meaning of 42 U.S.C. §

1983.

33.    The City of New York, through a policy, practice or custom, directly

caused the constitutional violations suffered by plaintiff.

34.    Upon information and belief, the City of New York, at all relevant times,

was aware that the defendant Service and other members of the NYPD are unfit officers who

have previously committed acts similar to those alleged herein, have a propensity for

unconstitutional conduct and/or have been inadequately trained.

35.    In addition to frequently violating the civil rights of countless residents

of New York City, numerous members of the NYPD commit crimes.  Officers have been

arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports,

perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving

under the influence of alcohol, vehicular homicide, assault and domestic violence.  In fact,

5

former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. On March 27, 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

36.    In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

37.    At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other

6

federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

38.    Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

39.    Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

40.    The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

41.    Plaintiff repeats the foregoing allegations.

42.    At all relevant times, plaintiff did not commit a crime or violation.

43.    Despite plaintiff's innocence, the defendants arrested plaintiff.

44.    Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SEVENTH CLAIM

### (ASSAULT)

45.    Plaintiff repeats the foregoing allegations.

46.    Defendants' seizure, search and use of force on plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

7

47.    Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

48.    Plaintiff repeats the foregoing allegations.

49.    Defendants' seizure, search and use of force on plaintiff constituted offensive and nonconsensual physical contacts which injured him.

50.    Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

51.    Plaintiff repeats the foregoing allegations.

52.    Defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiff.

53.    Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Attorney's fees and costs;

d.    Such other and further relief as the Court may deem just and proper.

8

DATED:      October 17, 2012

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)

9